1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RUBEN PAZ GOMEZ,

                          Petitioner,

          v.

YANISLEIDY REYES GONZALEZ,

                          Respondent.

CASE NO. C24-5645-KKE

ORDER ON MOTIONS IN LIMINE AND
TRIAL PROCEDURES

The Court has scheduled an evidentiary hearing in this matter to begin on February 10, 2025.  Dkt. No. 38.  The parties timely filed their motions in limine.  Dkt. No. 47.  The Court issues this order granting in part and denying in part the motions in limine and instructing the parties of the relevant hearing procedures, including directions to provide certain information to the Court by Friday February 7, 2025 at 12:00 p.m.

## I.    MOTIONS IN LIMINE

Parties may file motions in limine before or during trial "to exclude anticipated prejudicial evidence before the evidence is actually offered."  *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984).  To resolve motions in limine, the Court is generally guided by Federal Rules of Evidence 401 and 403.  Specifically, the Court considers whether evidence is relevant, meaning that it "has any tendency to make a fact more or less probable than it would be without the evidence" and that "the fact is of consequence in determining the action."  Fed. R. Evid. 401.  The Court may exclude

even relevant evidence, however, if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.

The Court notes that the findings and conclusions in this order, like all rulings in limine, are preliminary and can be revisited at trial based on the facts and evidence as they are actually presented.  *See, e.g., Luce*, 469 U.S. at 41 (explaining that a ruling in limine "is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the…proffer" and that "even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling").

**A.    The Court Grants the Stipulated Motions in Limine.**

The parties agree and the Court orders: all lay witnesses are sequestered and the parties and witnesses are instructed that, upon completion of their testimony, they shall not discuss the testimony with any witnesses who have not yet testified.

The parties agree and the Court orders: Respondent shall arrange for Spanish interpreters to be used during the hearing.  During any breaks, the Spanish interpreters can only be used by Respondent.

**B.    The Court Grants in Part and Denies in Part the Disputed Motions in Limine.**

1. <u>Respondent's motion to preclude Petitioner from calling Respondent's witnesses as adverse witnesses during his case-in-chief – Denied</u>

Under Federal Rule of Evidence 611, the Court orders that Petitioner may call any adverse witness(es) during his case-in-chief.  Respondent may complete her direct examination and cross examination of said witness(es) during Petitioner's case-in-chief or may recall said witness(es) during her case-in-chief.  The parties shall work to avoid duplicative testimony.

2.  <u>Respondent's motion to require parties to provide 48-hours' notice of witnesses to be called – Denied</u>

Due to the limited number of witnesses disclosed by both parties and the scheduled duration of the evidentiary hearing, the Court denies Respondent's motion for 48 hours' notice of witnesses to be called.  However, at the beginning and end of each hearing day, the parties shall share their expectations of witnesses they intend to call.  Further, as described below, the parties shall identify which witnesses will be testifying remotely to the Courtroom Deputy by February 7, 2025 at 12:00 p.m.

3.  <u>Petitioner's motion to exclude Spanish language exhibits without a translation – Granted</u>

The parties agree that any exhibits offered by either party shall have a certified English translation.  Dkt. No. 47 at 5.  While some of the exhibits submitted to the Court do not contain such certified translations, the Court will not exclude these exhibits unless such certifications are absent when they are offered into evidence at the hearing.  The parties are instructed to provide certified translations to both the Court and each other as soon as they become available.

4.  <u>Petitioner's motion to strike exhibit 518 – Denied</u>

Respondent agrees not to provide evidence or testimony regarding Cuban law, accordingly the motion is denied.

5.  <u>Petitioner's motion to exclude testimony by Brittany Padjen[1] and to exclude exhibits 520, 521, and 522 – Denied</u>

Ms. Padjen's testimony and proposed exhibits are relevant to Respondent's defenses. Beyond summarizing the requirements of Federal Rule 702, Petitioner does not meaningfully argue that Ms. Padjen is unqualified to offer expert testimony regarding A.C.P.R.'s alleged

---

[1] The Court notes Ms. Padjen is not listed in the pretrial order as either an expert witness or a lay witness, and no expert witnesses are identified for either party.  Dkt. No. 48.  The Court assumes this omission is in error, as Respondent argues that that Ms. Padjen is qualified under Federal Rule of Evidence 702.  Respondent shall file an updated witness list by February 7, 2025 at 12:00 p.m.

ORDER ON MOTIONS IN LIMINE AND TRIAL PROCEDURES - 3

distress.    Further, Petitioner may challenge Ms. Padjen's expertise and opinions on cross examination.

## II.    EVIDENTIARY HEARING PROCEDURES

**A.    Schedule**

Each day will begin at 9:30 a.m. and end at 4:30 p.m.  The Court will take a lunch break from 12:00 p.m. to 1:00 p.m.  The Court will also take 15-minute breaks at approximately 10:30 a.m. and 2:30 p.m.

The Courtroom will open at 9:00 a.m.

The Court will keep the parties updated to the extent any other pending cases require the Court to change this schedule.

**B.    Exhibits**

The parties shall provide a word version of the exhibit tables provided in the pretrial order (Dkt. No. 48 at 6–13) by February 7, 2025 at 12:00 p.m.  This document shall be sent to the orders inbox (EvansonOrders@wawd.uscourts.gov).

**C.    Remote Witnesses**

The parties have agreed that witnesses may testify remotely.  Dkt. No. 40.  The parties shall email the Courtroom Deputy (Laurie_Cuaresma@wawd.uscourts.gov) by February 7, 2025 at 12:00 p.m., and list which witnesses will be testifying remotely and provide their email addresses and phone numbers.  Counsel is responsible for providing the hearing link to witnesses and ensuring witnesses have video and audio capability for their testimony.

**D.    Witness Rooms**

Each party will have a dedicated witness room available to them during the hearing. Counsel will be granted access by the Courtroom Deputy on the first day of the hearing.

**E.    Other Requests**

To the extent any party, witness, or counsel needs any accommodations, requests shall be sent to the Courtroom Deputy (Laurie_Cuaresma@wawd.uscourts.gov) by February 7, 2025, at 12:00 p.m.

### III.    CONCLUSION

The parties' motions in limine are granted in part and denied in part.  Dkt. No. 47.

Parties shall provide the additional information as identified in this order by February 7, 2025, at 12:00 p.m.

Dated this 5th day of February, 2025.

Kymberly K. Evanson
United States District Judge

ORDER ON MOTIONS IN LIMINE AND TRIAL PROCEDURES - 5