UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RUBEN PAZ GOMEZ,<br><br>                  Petitioner,<br>   v.<br><br>YANISLEIDY REYES GONZALEZ,<br><br>                  Respondent. | CASE NO. C24-5645-KKE<br><br>ORDER ON RETURN OF CHILD TO MEXICO |

On March 17, 2025, the Court granted Ruben Paz Gomez's Petition for the return of his daughter, ACPR, to Mexico. Dkt. No. 71. The Court ordered the parties to file a joint proposal regarding the logistics of returning ACPR to Mexico. *Id.* at 15. The parties submitted a joint statement identifying each party's proposal for ACPR's return and confirming that the parties could not agree on any aspect of her return. Dkt. No. 72. Having considered each party's position and the relevant law, the Court orders as follows:

1. ACPR shall be returned to Mexico City, Mexico by April 30, 2025. ACPR shall not be removed from the Western District of Washington for any reason other than her travel to Mexico in satisfaction of this Order.

2. ACPR will be accompanied by Respondent on her return, with Respondent purchasing all required airfare. Respondent is also responsible for any other costs incurred in returning to Mexico.

ORDER ON RETURN OF CHILD TO MEXICO - 1

3. Respondent shall keep Petitioner informed of ACPR's travel and school plans.

4. Until the parties reach a different agreement, or a Mexican court issues a superseding order, ACPR shall remain in Respondent's custody and Respondent shall facilitate remote video visitation between ACPR and Petitioner on Sundays, Tuesdays, and Thursdays at 7:00 p.m. Pacific Time for 10 to 30 minutes. Petitioner will initiate these video calls.[1]

5. Respondent's failure to return ACPR to Mexico in accordance with this Order may result in an order from this Court directing the United States Marshals to assist in the return of ACPR or for sanctions against Respondent.

Dated this 31st day of March, 2025.

*Kymberly K. Evanson*
Kymberly K. Evanson
United States District Judge

---

[1] With this provision, the Court does not improperly consider the merits of the underlying custody dispute. *See Monasky v. Taglieri*, 589 U.S. 68, 72 (2020). Rather, the Court attempts to enforce the pre-removal status quo pending the adjudication of the custody dispute by Mexican courts. *See id.*

ORDER ON RETURN OF CHILD TO MEXICO - 2