UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

In re the Application of: ) Case No. 3:24-CV- 05645   KKE
)
RUBÉN PAZ GOMÉZ ) MOTION FOR LEGAL FEES AND COSTS
      Petitioner, )
vs. )
)
YANISLEIDY REYES GONZALEZ, )
      Respondent. )
)

## I. RELIEF REQUESTED

A. Petitioner moves the court for an Order Granting Legal Fees and Costs as set forth in the accompanying Declarations.

## II. STATEMENT OF FACTS

Petitioner filed a Petition for Return of Child pursuant to the Hague Convention and the International Child Abduction Remedies Act ("ICARA") 22 U.S.C. §9001. A hearing was held on February 10, 11, 12, and 13 of 2025. On March 17, 2025, the court entered an order granting the Petition for Return. The court noted the court's obligation to award legal fees and costs upon an order for the return of a child unless the Respondent establishes that granting fees and costs would be clearly inappropriate pursuant to 22 U.S.C. § 9007(b)(3).

The court ordered Petitioner to submit any request for attorney fees by April 11, 2025.

Motion for Legal Fees and Costs
Page 1 of 11

Law Office of F.Andrekita Silva
1325 Fourth Avenue, Suite 940
Seattle, Washington  98101
206-224-8288

Petitioner now makes that request.

### III. EVIDENCE RELIED UPON

The records and files herein including but not limited to:

1. Declaration of Attorney of Record Re: Legal Fees and Accounting of Time Insured dated April 11, 2025.
2. Declaration of Ruben Paz Gomez Regarding Costs Expended in this action Dated April 11, 2025.

### IV. AUTHORITY RELIED UPON

1. International Child Abduction Remedies Act ("ICARA"), 22 U.S.C. §9001. et seq.
2. 22 U.S.C. § 9007(b)(3)
3. Abbott v. Abbott, 560 U.S. 1 (2010)
4. Bikundwa v. Ruyenzi, Case No. 2:22-cv-01604, United States District Court, WD Washington, February 6, 2023
5. Cuellar v. Joyce, 603 F.3d 1142, 1143 (9th Cir. 2010)
6. de Souza v. Negri and Sinoura, case No. 14-13788, United States District Court, D. Massachusetts, February 19, 2015
7. Neves v. Neves, 637 F. Supp. 2d 322, 345 (W.D.N.C. 2009)
8. Ozaltin v. Ozaltin, 708 F.3d 355, 375 (2d Cir. 2013)
9. Rath v. Marcoski, 898 F.3d 1306, 1310-11 (11th Cir. 2018)
10. Souratgar v. Lee Jen Fair, 818 F.3d 72, 80 (2d Cir. 2016)
11. Vite-Cruz v. Sanchez, 360 F. Supp. 346, 361-362 (D.S.C. 2018)

### V. ARGUMENT

Where the court orders the return of a child under the Hague Convention, the court is obligated to award the necessary expenses incurred by or on behalf of the petitioner unless the respondent establishes that such order would be clearly inappropriate. 22 U.S.C. § 9007(b)(3). This provision establishes a presumption that a court will award a successful petitioner his or 5her necessary expenses, Rath v. Marcoski, 898 F.3d 1306, 1310-11 (11th Cir. 2018).

Respondent bears the burden in demonstrating that an award is `clearly inappropriate' and that burden is substantial, Rath, 898 F.3d at 1311; Ozaltin v. Ozaltin, 708 F.3d 355, 375 (2d Cir. 2013). This heavy burden reflects the structure of the Hague Convention and provides an

Motion for Legal Fees and Costs
Page 2 of 11

Law Office of F.Andrekita Silva
1325 Fourth Avenue, Suite 940
Seattle, Washington 98101
206-224-8288

additional deterrent to wrongful international child removals and retentions, Rath, 898 F.3d at 1311; Souratgar v. Lee Jen Fair, 818 F.3d 72, 80 (2d Cir. 2016).

In the Rath case, the court noted that a losing Respondent's course of conduct could be a relevant consideration when determining if it was clearly inappropriate to award fees. To that end, the court noted that an award of expenses could be inappropriate where a Respondent had a good faith belief that her actions in removing or retaining a child were legal or justified. There, the court found that the Respondent did **not** have a good faith belief that her actions in removing or retaining the child were legal or justified. There, the Petitioner was unaware of the respondent's plan to remove the child from her habitual residence, and the Respondent waited to remove the child until the petitioner was out of the country on business. Immediately upon arriving in the United States, she immediately filed suit in Florida to determine child custody and support.

In the case of Neves v. Neves, 637 F. Supp. 2d 322, 345 (W.D.N.C. 2009), the court rejected the Respondent's argument that the children had to be removed from Germany due to racial prejudice he experienced. The court found that while racial prejudice is condemnable, it did not serve to justify Respondent's abduction of his children without the knowledge or consent of his estranged wife.

Here, Respondent claimed that she had to flee Mexico because she 1) feared Petitioner due to his sexual and verbal abuse, and physical and emotional abuse by the paternal aunt, the paternal grandmother, and paternal cousin, and 2) due to her limited means, she was forced to live in squalor upon separation. She alleged that she was a Cuban national, isolated and alone in Mexico against her will. She alleged that she had no emotional and / or financial resources and, therefore, had no choice but to flee.

The court found that Respondent made credible allegations of sexual abuse, and withholding of phone and documents for some unspecified period of time from March of 2020 to

Motion for LEGAL Fees and Costs  
Page 3 of 11

Law Office of F.Andrekita Silva  
1325 Fourth Avenue, Suite 940  
Seattle, Washington 98101  
206-224-8288

and to April of 2023. Petitioner Paz denies such conduct. Even if true, however, this does not justify Respondent's abduction. Respondent showed a brazen disregard for the child's need to maintain a relationship with her father. Although she knew that Petitioner was in contact with her sister and that Petitioner was asking for contact with their child, she never once instructed her sister to provide Petitioner with information about the child's whereabouts.

Once in the U.S.A., Respondent never once reached out to petitioner to re-establish contact between father and child. In fact, Respondent replaced Petitioner Paz as the father of the parties' child on school records and with the child's counselor. She identified her fiancé as the child's stepfather, and she identified her fiance's siblings with whom she and her fiancé shared a residence as the child's aunts and uncles.

She falsely represented to the child's counselor that the child had daily telephone communication with her father, and then proceeded to allege that the child was fearful and resistant to communications with her father. She sought advice from the counselor to secure approval for completely terminating communications between father and child.

Respondent's conduct is reprehensible. Some child psychologists believe that the trauma children suffer from abductions (such as the abduction by Respondent Reyes in this case) is one of the worst forms of child abuse, <u>Vite-Cruz v. Sanchez</u>, 360 F. Supp. 346, 361-362 (D.S.C. 2018), citing <u>Abbott v. Abbott</u>, 560 U.S. 1, 21 (2010).

Respondent abducted the child to the U.S.A. to start a new life with her new fiancé. She no longer had any use for Petitioner and whatever stability he had provided to her and the child since the child's birth. She wished to be rid of him and without regard to the needs of their child, she found abduction to be a cheap alternative to approaching the Mexican court for a custody order. Respondent's conduct was unjustified and cannot be the basis for a finding that an order of legal fees would be "clearly inappropriate."

Motion for Legal Fees and Costs
Page 4 of 11

Law Office of F.Andrekita Silva
1325 Fourth Avenue, Suite 940
Seattle, Washington  98101
206-224-8288

Limited means, if even true, is not a basis for a finding that it is inappropriate to order fees

The Respondent has already argued that she should not be liable for the minor child's return flight home on the basis that

1) Respondent has limited financial resources and she has been the sole provider for A.C.P.R., and

2) that Petitioner should bear the financial burden of A.C.P.R.'s flight as he is the one that requested A.C.P.R.'s return to Mexico.

Limited means, if even true, is not a basis for a finding that it is inappropriate to order fees. The Petition for Return of Child was necessitated because Respondent abducted A.C.P.R. After abducting, Respondent took aggressive steps to sever A.C.P.R.'s relationship with her father, Mr. Paz. She forced Mr. Paz to search for her not once, but twice. Mr. Paz was only able to locate A.C.P.R. by enlisting the help of friends to assist him in scouring social media.

Respondent chose to abduct rather than to 1) negotiate and honor a custody agreement and/ or 2) to approach the Mexican court for a custody order.

Respondent has the financial support of her fiancé and together, they will need to find a way to make Respondent accountable for her abduction. If Respondent is not made financially accountable, she will simply re-abduct the child.

It is irrelevant that Respondent has been the sole provide for the child since the abduction

It has been Respondent's choice and preference to be the sole financial provider for the parties' child since the abduction.  Respondent could have negotiated an agreement with the Petitioner for child support.  She could also have approached the Mexican court for a determination and order regarding custody and child support. However, she chose to abduct and conceal the child.

Motion for LEGAL Fees and Costs
Page 5 of 11

Law Office of F.Andrekita Silva
1325 Fourth Avenue, Suite 940
Seattle, Washington  98101
206-224-8288

Petitioner had no knowledge of Respondent's whereabouts. He had no means of securing any orders for child support or custody in Mexico without Respondent's cooperation. Respondent's argument shows a clear lack of accountability.

Respondent found the means to travel to the U.S. and to establish a new residence in the U.S. Either she had financial means through employment that she has not yet disclosed, or she is receiving the financial support of her fiancé, whose means are unknown. Respondent testified that she paid $4,000.00 to a lawyer to prepare her Response/Answer to Petition. That is a significant sum. Respondent clearly has financial resources available that she has not disclosed.

Likewise, the court should not find that it would be clearly inappropriate to order a judgment on the basis that this would make it difficult for her to provide financially for the child in the future. There is no order of custody at this time. When the child is returned to Mexico, there will be an investigation, and the court will make a determination about the child's best interest.

Abduction and the severance of a parent-child relationships regarded as one of the worst forms of child abuse, Vite-Cruz v. Sanchez, 360 F. Supp. 346, 361-362 (D.S.C. 2018), citing Abbott v. Abbott, 560 U.S. 1, 21 (2010).  It is unknown what custody arrangement the Mexican court will order after a thorough investigation. Where it is unknown which parent will be granted the primary care of the child, the Respondent's need to preserve resources to support the child cannot be a basis on which the court can avoid Respondent's mandatory obligation to pay Petitioner's fees pursuant to 22 U.S.C. § 9007(b)(3) .

Respondent received a combination of pro bono services and reduced fee services

Respondent received a combination of pro bono service and reduced fee services. However, Respondent should be ordered to compensate Petitioner's counsel for ALL reasonable time incurred in representing Petitioner.  In Cuellar v. Joyce, 603 F.3d 1142, 1143 (9th Cir. 2010),  the

Motion for LEGAL Fees and Costs
Page 6 of 11

Law Office of F.Andrekita Silva
1325 Fourth Avenue, Suite 940
 Seattle, Washington  98101
 206-224-8288

Respondent argued that no fees and costs should be awarded because the Petitioner received pro bono services and because he already owed a substantial amount of money to his own lawyers. The Cuellar court noted that withholding fees from pro bono counsel would discourage pro bono representation and undermine the Convention's policy of effective and speedy return of abducted children.

<u>Respondent assert groundless affirmative defenses and made egregious and groundless allegations which increased Petitioner fees</u>

In Cuellar v. Joyce, 603 F.3d 1142, 1143 (9th Cir. 2010), when ordering legal fees, the court noted that the case was not difficult, and that it fell squarely within the heartland of the Hague Convention. It noted that the reason the case took as long as it did, and consumed so many valuable resources, was conduct and litigation tactics by Respondent that were largely intended to manipulate judicial process for purpose of delay. That delay increased expenses. Having caused that expense, the court noted that the Respondent may not turn it to his own advantage to avoid the mandatory fee-shifting provision of I.C.A.R.A. It stated that if Respondent didn't want to bear the cost of delay, he shouldn't have caused it. Better yet, he shouldn't have abducted the child in the first place.

In our case, Respondent's Response/Answer to Petition had very strong and clear allegations that the paternal aunt, grandmother, and cousin all physically abused the child, and that they deprived her of food- forcing the child to watch hungrily while others enjoyed meals. Respondent's Response implied that they all cohabited under one roof and that Respondent had no means of protecting the child.

The testimony and evidence was clear and undisputed at trial that 1) the parties lived in separate and private dwelling in a tri-plex, 2) that Respondent had only sporadically worked outside the home and when she did, her work was for a few hours a day in the very early morning while the child slept, 3) that although the child visited with her paternal relatives daily

Motion for LEGAL Fees and Costs
Page 7 of 11

Law Office of F.Andrekita Silva
1325 Fourth Avenue, Suite 940
Seattle, Washington  98101
206-224-8288

and shared meals with them, her visits were voluntary. Further, Respondent conceded that she had rarely visited in the home of the paternal aunt, grandmother and cousin such that she permitted the child to visit unaccompanied. Although the child was never denied food when her paternal relatives had a meal in her presence, if the child were hungry, it would have been because Respondent did not feed her at home.

Petitioner presented pages and pages of photos showing Petitioner enjoying the company of both Respondent and child since the child's birth, first in Cuba and then in Mexico. Despite this, Respondent persisted in her allegations that the father had NEVER had a relationship with the child, that he had historically neglected the child and that there was no parent/ child bond. Therefore, she argued, there was no harm in removing the child to the USA and that the child should remain in the USA.

Respondent's Answer to Petition also alleged that the father's home was located in a dangerous, unsafe area and she implied or alleged that Petitioner's brother lived in the family home. She alleged or implied that the brother had been killed in the family home as a result of some drug activity. Respondent appeared to abandon that argument as trial. She had received a police record making it clear that no crime had occurred at the Petitioner's home, and that Petitioner had no police record. Finally, she was served with Notice of a witness that would have provided rebuttal testimony that would impeached each and every false statement she might have made about the paternal uncle.

This was not a difficult case.  This should not have been a 3 ½ day evidentiary hearing. However, Respondent made many extreme and groundless factual allegations, and she submitted groundless legal arguments as well. Her groundless legal arguments included that she was in Mexico against her will, that Mexico was not the child's habitual residence and that the child, in fact, had no habitual residence at all.

Respondent had nothing to lose by fabricating allegations and extending frivolous legal

Motion for Legal Fees and Costs
Page 8 of 11

Law Office of F.Andrekita Silva
1325 Fourth Avenue, Suite 940
 Seattle, Washington  98101
 206-224-8288

arguments. Petitioner was forced to litigate in a foreign country.  He was forced to secure evidence and prepare witness testimony to prove that 1) he lived in a safe, family type neighborhood, 2) that there was no alcoholism in his home by any family member , 3) that neither he nor his brother were involved in crime and that his brother, in fact, had lived with his domestic partner in another part of town for a period of years, 4) that his brother had not died as a result of his involvement in crime, 5) that he had never consented to the child being removed from Mexico, 6) that he had never acquiesced to the child remaining in the U.S. after she was removed, and 7) that he had a close and loving relationship with his child prior to the abduction. Finally, Petitioner felt compelled to incur the cost of proving that  8) Respondent had ulterior motives for leaving Mexico that had nothing to do with him.

As Petitioner  had not seen his daughter for 1 ½ years at the time of trial,  he risked that the court would find that 1) the mother and child would not be safe if the child were ordered to Mexico, 2) that the child could not be separated from her mother without harming her emotionally, 3) that the father's environment in Mexico was crime ridden and unsafe, and 4) that the Father had sexually and emotionally abused Respondent, thus justifying her flight.

Respondent is aware that court's will err on the side of caution when faced with allegations of abuse. Abuse can occur in private without there is a tendency for court. She had nothing to lose by presenting false and extreme allegations. That's what she did and she increased Petitioner's costs. She should pay for those increased costs caused by her actions.

LEGAL FEES INCURRED AND CHARGED BY PETITIONER'S COUNSEL ARE REASONABLE

The legal fees requested by Petitioner's counsel should be approved.  In <u>Bikundwa v. Ruyenzi</u>, Case No. 2:22-cv-01604, United States District Court, WD Washington, February 6, 2023, the court found the hourly rates between $290.00 and $325.00 as reasonable, as well as

Motion for Legal Fees and Costs
Page 9 of 11

Law Office of F.Andrekita Silva
1325 Fourth Avenue, Suite 940
 Seattle, Washington  98101
 206-224-8288

paralegal rates of $245.00 to $275.00 as reasonable. A total of 45.9 hours were submitted for approval. Additionally, one lawyer contributed 10 hours for which he did not request compensation. The court approved a total of $14,078.11 in legal fees, plus filing fees and other litigation costs of $850.11. Additionally, the court approved travel-related costs in the amount of $4,778.72.

In <u>Harvey v. Means</u>, Case No. 2:23-cv-1712, United States District Court, W.D. Washington, September 11, 2024, the court reduced the legal fee award requested by Petitioner's counsel. There, Counsel requested fees and costs totalling $114,590.19. Counsel charged an hourly rate of $400.00 per hour, but she did not provide a breakdown of her legal time. Rather, counsel provided "block" billing which simply showed a daily total. The court reduced her request by an across the board 25%. The total awarded for legal fees was $85,472.

Here, Petitioner received pro bono services through the preparation and filing of his Petition for Return of Child. Thereafter, Petitioner was provided services at the reduced rate of $180.00 per hour.

Petitioner's counsel has been compensated $7,600.00 for her services. However, Respondent should be liable for all fees and costs incurred. A judgment should be entered for those sums. Additionally, a judgment should be entered against Respondent for costs incurred by Petitioner for certified translations, trial transcripts, certified copies of the Order Granting Return, and for his travel, lodging and food costs to appear in Washington the evidentiary hearing.

All fees requested should be approved.

Motion for Legal Fees and Costs
Page 10 of 11

Law Office of F.Andrekita Silva
1325 Fourth Avenue, Suite 940
Seattle, Washington 98101
206-224-8288

Submitted this 11th day of April, 2025 in Seattle, Washington.

                                    LAW OFFICE OF F. ANDREKITA SILVA

                                    By: s/ andrekita silva
                                    Andrekita Silva, WSBA No. 17314
                                    Law Office of F. Andrekita Silva
                                    1325 Fourth Avenue, Suite 940
                                    Seattle, Washington 98101
                                    Telephone: (206) 224-8288
                                    ak@seattle-silvalaw.com
                                    Attorney for Petitioner

Motion for Legal Fees and Costs
Page 11 of 11

**Law Office of F.Andrekita Silva**
**1325 Fourth Avenue, Suite 940**
 Seattle, Washington 98101
 206-224-8288