UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RUBEN PAZ GOMEZ,<br><br>              Petitioner(s),<br>    v.<br><br>YANISLEIDY REYES GONZALEZ,<br><br>              Respondent(s). | CASE NO. C24-5645-KKE<br><br>ORDER DENYING MOTION FOR SANCTIONS, TRANSFER OF PHYSICAL CUSTODY, AND ORDER DIRECTING THE U.S. MARSHALS TO ASSIST AND MOTION TO APPOINT COUNSEL |

## I.    BACKGROUND

This case arises under the International Child Abduction Remedies Act ("ICARA"), 22 U.S.C. §§ 9001–9011, the statute that implements the Hague Convention on the Civil Aspects of International Child Abduction (the "Convention"), Oct. 25, 1980, T.I.A.S. No. 11,670, 1343 U.N.T.S. 49.  On March 31, 2025, following a four-day bench trial, the Court entered judgment for Petitioner Ruben Paz Gomez, the father of a minor child ("ACPR"), and ordered the return of ACPR to Mexico City, Mexico by April 30, 2025.  Petitioner acknowledges that ACPR was returned to Mexico in advance of the Court's deadline.  Judgment was entered on June 12, 2025, and this case was closed.

On November 19, 2025, Petitioner filed the instant "Motion for Sanctions, for Transfer of Physical Custody, and for Order Directing the U.S. Marshals to Assist," alleging that Respondent Yanisleidy Reyes Gonzalez had again wrongfully removed ACPR from Mexico City to

Washington state.  Petitioner seeks, among other forms of relief, the return of ACPR to Mexico City and various relief relating to custody, access, travel documents, and costs.  Petitioner also filed a Motion to Appoint Counsel.  For the reasons below, the Court will deny Petitioner's motions.

## II.  DISCUSSION

### A.    The Court Will Not Order *Ex Parte* Relief.

As a threshold matter, it does not appear that Petitioner served his motions on Respondent. While Respondent was represented by counsel during the trial, her former attorneys informed the Court and counsel for Petitioner in September 2025 that their representation concluded in June 2025, when judgment was entered and this case was closed, and that they were no longer in contact with Respondent in any capacity.  The docket does not reflect service of either motion on Respondent.  Though the Court is sympathetic to Petitioner's situation, Petitioner has not shown he is entitled to *ex parte* relief, and as such, his motions are denied for this threshold reason.

### B.    The Court Lacks Jurisdiction to Grant Petitioner's Motion for Relief.

Additionally, the Court must deny Petitioner's requests because they generally seek relief beyond the Court's authority.  The majority of Petitioner's requested relief can be generally characterized as custody and access-related remedies.  *See* Dkt. No. 87 at 1–4 (seeking, among other things, an order granting Petitioner custody of ACPR, immediate video visits with ACPR and parameters for conducting them, an order "blocking" ACPR's United States and Cuban passports, an order permitting Petitioner to obtain a Mexican passport for ACPR without Respondent's involvement, and an order requiring Respondent to keep Petitioner apprised of her current address).  Although ICARA grants courts the authority to fashion provisional remedies to effectuate the return of a child, it also places temporal restrictions on that authority.  *See* 22 U.S.C. § 9004(a).  Specifically, "any court exercising jurisdiction of an action brought under § 9003(b) of

this title may take … measures … to protect the well-being of the child involved or to prevent the child's further removal or concealment *before the final disposition of the petition*." *Id.* (emphasis added). Here, the petition was decided and judgment was entered over seven months ago. *See* Dkt. Nos. 71, 73, 86; *see also Ly v. Heu*, 296 F. Supp. 2d 1009, 1011 (D. Minn. 2003) (holding that once judgment has been entered in an ICARA case, the court "no longer exercis[es] jurisdiction of an action brought under section [9003(b)]," and its previous authority "to fashion provisional remedies … no longer exists." (citation modified)). The Court also "lack[s] jurisdiction to issue final orders under the Convention to secure rights of access," or to otherwise modify access rights[1] previously granted. *See Ly*, 296 F. Supp. 2d at 1010–11. Thus, the Court cannot enter orders requiring video visitation or other access-related relief at this juncture.

Nor can this Court award custody of ACPR to Petitioner. Because the primary remedy under the Convention and ICARA is the return of wrongfully removed children, the Court's role does not involve making affirmative custody determinations. *Monasky v. Taglieri*, 589 U.S. 68, 72 (2020) ("It is the Convention's core premise that the interests of children in matters relating to their custody are best served when custody decisions are made in the child's country of habitual residence.") (citation modified); *Cuellar v. Joyce*, 596 F.3d 505, 508 (9th Cir. 2010) ("With a few narrow exceptions, the court must return the abducted child to [their] country of habitual residence so that the courts of *that* country can determine custody." (emphasis in original)). To that end, Petitioner's motion indicates that custody proceedings were initiated in Mexico after ACPR's return. Dkt. No. 88 ¶ 22.

Although a judicial remedy is not the only one provided by the Convention, to the extent Petitioner seeks a judicial order directing a second return of ACPR or enforcing any rights of

---

[1] ICARA defines "rights of access" as "visitation rights." 22 U.S.C. § 9002(7).

ORDER DENYING MOTION FOR SANCTIONS, TRANSFER OF PHYSICAL CUSTODY, AND ORDER DIRECTING THE U.S. MARSHALS TO ASSIST AND MOTION TO APPOINT COUNSEL - 3

access or visitation he may have, Petitioner must file a new petition in a court in the jurisdiction where ACPR is located and serve it on Respondent.[2] 22 U.S.C. § 9003(b). ICARA provides that "[a]ny person seeking … the return of a child or for arrangements for organizing or securing the effective exercise of rights of access to a child may do so by *commencing a civil action by filing a petition* for the relief sought." *Id.* (emphasis added). The statute unambiguously directs those who seek return of a child under the Convention to "commence," a civil action "by filing a petition" for their return. Nowhere does ICARA provide for a court's continuing jurisdiction after the return of a child.

**C.    Petitioner is Not Entitled to the Costs of Bringing this Motion.**

Petitioner seeks "no less than $5,000.00 for the cost of having to bring this motion[.]" Dkt. No. 87 ¶ M. Under ICARA, "Petitioners may be required to bear the costs of legal counsel or advisors, court costs incurred in connection with their petitions, and travel costs for the return of the child involved and any accompanying persons, except as provided in paragraphs (2) and (3)." 22 U.S.C. § 9007(b)(1). Paragraph 2 requires that legal fees and court costs incurred in the context of an ICARA civil suit "shall be borne by the petitioner" unless they are covered by federal, state, or local assistant programs, except as provided for in paragraph 3. *Id.* § 9007(b)(2). Where a court orders the return of a child, paragraph 3 shifts costs to the respondent unless cost-shifting "would be clearly inappropriate." *Id.* § 9007(b)(3). Upon ordering the return of a child, the Court "shall order the respondent to pay necessary expenses incurred by or on behalf of the petitioner, including

---

[2] The Hague Convention requires contracting states to create a Central Authority, which is tasked with assisting applicants to secure the return of their children. Convention, art. 7. Among other services, a Central Authority "shall take all appropriate measures … to discover the whereabouts of a child who has been wrongfully removed or retained," and "initiate or facilitate" the commencement of "judicial or administrative proceedings." *Id.* Under ICARA, the United States Central Authority may obtain information from the Parent Locator Service in carrying out its Hague Convention functions. 22 U.S.C. § 9006(d).

ORDER DENYING MOTION FOR SANCTIONS, TRANSFER OF PHYSICAL CUSTODY, AND ORDER DIRECTING THE U.S. MARSHALS TO ASSIST AND MOTION TO APPOINT COUNSEL - 4

court costs, legal fees, foster home or other care during the course of proceedings in the action[.]" *Id.*

ICARA thus notifies petitioners they may bear costs in filing a petition, and shifts fees to a respondent only as to "necessary expenses incurred" "during" the action where the court orders return of the child. *Id.* Petitioner fails to provide any accounting for the $5,000.00 that he seeks, and makes no attempt to show that those expenses were "necessary." Further, this action ended on June 12, 2025 with the Clerk's entry of judgment. Dkt. No. 86. Thus, Petitioner is not entitled to costs from bringing his post-judgment motion.

Petitioner also argues that Respondent has not complied with the Court's June 12, 2025 order on attorney's fees and seeks an order requiring Respondent to pay his trial counsel, Ms. Silva. Because this motion has not been served, the Court will not reach this issue.

**D.      Petitioner's Motion to Appoint Counsel is Denied.**

Though Petitioner has filed a motion to appoint counsel, and purports to represent himself, his attorney, Ms. Andrekita Silva, has not withdrawn, and in fact submitted a declaration identifying herself as "counsel of record" for Petitioner in support of the pending motions. Dkt. No. 89. Accordingly, the status of Petitioner's legal representation is not clear. Moreover, appointment of counsel in a civil case is the exception, not the rule. Although a district court may appoint counsel in "exceptional circumstances," under 28 U.S.C. § 1915(e)(1), generally, no constitutional right to appointed counsel exists in civil actions. *See, e.g., Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (citation modified). For the reasons discussed above, Petitioner's post-judgment, *ex parte*

ORDER DENYING MOTION FOR SANCTIONS, TRANSFER OF PHYSICAL CUSTODY, AND ORDER
DIRECTING THE U.S. MARSHALS TO ASSIST AND MOTION TO APPOINT COUNSEL - 5

motion for relief fails.  As such, the Court will deny Petitioner's request to appoint counsel in this case.

### III.  CONCLUSION

For the foregoing reasons, the Court DENIES Petitioner's motions.  Dkt. No. 87, 90.

Dated this 27th day of January, 2026.

Kymberly K. Evanson
United States District Judge